# IN THE INTERMEDIATE COURT OF APPEALS OF WEST VIRGINIA

**SCOTT F. GRIM, JEFFREY M. GRIM,
DARNELL FULKS, CINDY FULKS,
BRYAN J. SUTER, and MARTHA J. SUTER,**
**Plaintiffs Below, Petitioners**

**FILED**
**February 28, 2025**

ASHLEY N. DEEM, CHIEF DEPUTY CLERK
INTERMEDIATE COURT OF APPEALS
OF WEST VIRGINIA

**v.) No. 24-ICA-142**          (Cir. Ct. Tyler Cnty. Case No. CC-48-2023-C-4)

**KATHY A. LOUB,**
**Defendant Below, Respondent**

## MEMORANDUM DECISION

Petitioners Scott F. Grim, Jeffrey M. Grim, Darnell Fulks, Cindy Fulks, Bryan J. Suter, and Martha J. Suter (together "Petitioners") appeal the Circuit Court of Tyler County's Order entered March 6, 2024. In that order, the circuit court granted judgment on the pleadings to Respondent Kathy A. Loub and held that Ms. Loub owned the oil and gas interest at issue.[1] Ms. Loub filed a response in support of the circuit court's order. Petitioners filed a reply.

This Court has jurisdiction over this appeal pursuant to West Virginia Code § 51-11-4 (2024). After considering the parties' arguments, the record on appeal, and the applicable law, this Court finds no substantial question of law and no abuse of discretion. For these reasons, a memorandum decision affirming the circuit court's order is appropriate under Rule 21 of the Rules of Appellate Procedure.

This case concerns a dispute over one-half of the oil and gas underlying a 121.5-acre tract of property located in Tyler County, West Virginia ("Subject Property"). Resolution of this matter turns on interpretation of exception and reservation language contained in two deeds: the June 30, 1946, deed ("Buck-Eddy Deed") and the March 5, 1966, deed ("Eddy-Eddy Deed"). Ms. Loub is the daughter of Paul E. Eddy and inherited his entire estate following his death in 2004, including the alleged interest at stake in this litigation. Ms. Loub is the successor in interest of the grantors of the Eddy-Eddy Deed. The interest of the grantees of the Eddy-Eddy deed was subsequently separated into seven different shares, ownership of which now rests with the Petitioners herein, and the other

---

[1] Petitioners are represented by Christian E. Turak, Esq. Ms. Loub is represented by Howard M. Persinger, III, Esq.

defendants below. Petitioners are the successors in interest of the grantees of the Eddy-Eddy Deed.

Both deeds contain a metes and bounds description that is largely the same. In regard to the Buck-Eddy deed, on June 30, 1946, John H. Buck, Noami G. Buck, Delta D. Buck, Phyllis B. Nichols, Harold M. Nichols, Forrest M. Buck, Mary H. Buck, and Josephine Buck Kloetzly conveyed by deed to Paul Eddy the Subject Property. That deed contained the following exception clause:

> EXCEPTING AND RESERVING therefrom, however: (1) a right of way fifteen (15) feet wide extending from the county road across a small portion of the real estate hereby conveyed to a twenty-three (23) acre and eighty-one (81) square rod tract of land adjoining the property hereby conveyed on the West side, which right of way is designated upon the plat hereto attached and made a part hereof, and (2) one-half (1/2) of all the oil and gas within and underlying the tract of land hereby conveyed.

The Buck-Eddy Deed then contained a paragraph immediately following the above paragraph that described the chain of title.

In regard to the Eddy-Eddy deed, on March 5, 1966, Paul E. Eddy and Thelma B. Eddy conveyed by deed to G. Ralph Eddy and Ethel L. Eddy the Subject Property. That deed contained the following exception clauses:

> EXCEPTING AND RESERVING therefrom, however, a right of way fifteen (15) feet wide extending from the county road across a small portion of the real estate hereby conveyed to a twenty-three (23) acre and eighty-one (81) square rod tract of land adjoining the property hereby conveyed on the west side, which right of way is designated upon a plat recorded in the office of the clerk of the county court of Tyler county, West Virginia, and one-half (1/2) of all the oil and gas within and underlying the tract of land hereby conveyed and

> EXCEPTING from said tract all oil, gas, mining rights, easements and rights of way conveyed, leased, reserved or excepted by the grantors' predecessors in title[.]

The Eddy-Eddy Deed then replaces the paragraph in the Buck-Eddy Deed referencing and describing the chain of title with a paragraph that states:

> BEING the same tract conveyed to the grantors by John H. Buck, et al, by deed dated June 30, 1946[.]

2

The parties to this appeal dispute whether the parties to the Eddy-Eddy Deed intended to reserve any interest in the oil and gas underlying the Subject Property. Petitioners assert that the Eddy-Eddy Deed is ambiguous as to whether the parties intended for Paul E. Eddy and Thelma B. Eddy to reserve any interest in the oil and gas. Ms. Loub asserts that the Eddy-Eddy Deed unambiguously reserves the remaining one-half interest in the oil and gas (in addition to the one-half interest separately reserved by the grantors in the Buck-Eddy Deed).

Petitioners filed their Second Amended Complaint in the Circuit Court of Tyler County on April 10, 2023, seeking declaratory judgment and to quiet title to the interest in their favor. On May 1, 2023, Ms. Loub filed her Answer and Affirmative Defenses to Plaintiffs' Second Amended Complaint and Counterclaim, opposing Petitioners' claims and asserting counterclaims seeking declaratory judgment and to quiet title to the same oil and gas interest in her favor. On May 18, 2023, Petitioners served their Reply to the Counterclaims.

On June 2, 2023, Ms. Loub filed a Motion for Judgment on the Pleadings pursuant to Rule 12(c) of the West Virginia Rules of Civil Procedure. On July 26, 2023, the circuit court held a hearing on the Motion with counsel appearing in person and submitting oral argument. Thereafter, on March 6, 2024, the circuit court entered its final order finding Ms. Loub the sole owner of the one-half interest in the oil and gas at issue. In its order, the circuit court concluded that the second exception of the Eddy-Eddy Deed refers directly to all previous reservations of oil and gas rights, which would include the reservation contained in the Buck-Eddy Deed. Therefore, when read in conjunction with the prior exception or reservation, it serves to clarify the fact that the first reservation contained in the Eddy-Eddy Deed refers to the remaining one-half of the oil and gas underlying Subject Property and is not a mere recitation or "carryover" of the former reservation contained in the Buck-Eddy Deed. It is from this order that Petitioners appeal.

Our review of a circuit court's entry of judgment on the pleadings is de novo. Syl. Pt. 1, *Copley v. Mingo Cnty Bd. of Educ.,* 195 W. Va. 480, 466 S.E.2d 139 (1995). "A circuit court, viewing all the facts in a light most favorable to the nonmoving party, may grant a motion for judgment on the pleadings only if it appears beyond doubt that the nonmoving party can prove no set of facts in support of his or her claim or defense." *Id.* at 482, 466 S.E.2d at 141, Syl. Pt. 3.

On appeal, Petitioners assert that the circuit court erred by not viewing the facts in the light most favorable to Petitioners. We disagree. In Syllabus Point 3 of *Faith United Methodist Church & Cemetery of Terra Alta v. Morgan*, 231 W. Va. 423, 745 S.E.2d 461 (2013), the Supreme Court of Appeals of West Virginia ("SCAWV") succinctly held that "[d]eeds are subject to the principles of interpretation and construction that govern contracts generally." Further, the *Faith* Court found, at Syllabus Point 7, that "[i]t is not

3

the right or province of a court to alter, pervert or destroy the clear meaning and intent of the parties as expressed in unambiguous language in their written contract or to make a new or different contract for them." *Id.* In *Gastar Expl. Inc. v. Rine*, 239 W. Va. 792, 799, 806 S.E.2d 448, 455 (2017), the SCAWV stated that "[w]hen a deed expresses the intent of the parties in clear and unambiguous language, a court will apply that language without resort to rules of interpretation or extrinsic evidence."

Here, when the language of the Eddy-Eddy Deed is examined in its entirety, and when the two exception clauses are reviewed in conjunction with one another, the only reasonable reading is that the remaining one-half interest in the oil and gas was reserved to the grantors. This reading harmonizes all of the parts of the deed. Indeed, this is the only reading which does not render the second reservation clause, which refers separately to all prior exceptions contained (which would include that contained in the Buck-Eddy Deed), completely superfluous. Accordingly, we find this assignment of error without merit.

Next, Petitioners assert that the circuit court erred by finding that the Eddy-Eddy Deed was not ambiguous. We disagree. Because our reading of the Eddy-Eddy Deed language harmonizes and gives meaning to all parts of the Eddy-Eddy Deed, it also precludes a finding that the Eddy-Eddy Deed is ambiguous. Accordingly, we find this assignment of error without merit.[2]

---

[2] Petitioners assert that the Eddy-Eddy Deed is ambiguous because it states that the grantors are conveying "the same tract" that they obtained from the Buck-Eddy Deed, which would be the surface interest and one-half of the oil and gas. However, such a reading would render the second exception clause of the Eddy-Eddy Deed meaningless. Rather, it appears that "the same tract" language is merely the result of customary deed language included to indicate chain of title as this paragraph in the Eddy-Eddy Deed replaced a paragraph in the Buck-Eddy Deed that described the grantors chain of title. Again, such a reading harmonizes all of the parts of the deed.

Petitioners also rely on *Griffin v. Toland*, No. 22-0459, 2024 WL 2269941 (W. Va. May 20, 2024) (memorandum decision), in which the circuit court found a deed to be ambiguous in part because it purported to reserve to the grantors an interest in coal that they did not own, and the SCAWV affirmed that conclusion. Petitioners assert that the Eddy-Eddy deed is ambiguous because it purports to reserve in the grantors a right-of-way already reserved by the Buck-Eddy grantors and which, accordingly, the Eddy-Eddy grantors could not reserve. However, Petitioners cite no authority for the proposition that the right of way reserved in the Buck-Eddy Deed should be presumed to be exclusive. Indeed, the SCAWV has held that the owner of a servient estate has the right to grant successive easements on the same road. Syl. Pt. 6, *Sanders v. Roselawn Mem'l Gardens, Inc.*, 152 W. Va. 91, 159 S.E.2d 784 (1968); *see Bosley v. Cabot Oil & Gas Corp. of W. Virginia*, 624 F. Supp. 1174, 1177 (S.D.W. Va. 1986).

Lastly, Petitioners assert generally that the circuit court erred by entering judgment in favor of Ms. Loub. Essentially, Petitioners argue that the case should be remanded to the circuit court so that the parties may develop extrinsic evidence to shed light on the intent of the parties. Again, we disagree. Having concluded, as the circuit court did, that the first and second exception clauses of the Eddy-Eddy Deed together make clear that the grantors of that deed are reserving the remaining one-half interest in the oil and gas not reserved by the grantors in the Buck-Eddy Deed, it is apparent that remand for development of extrinsic evidence is unnecessary as the Eddy-Eddy Deed is unambiguous. Accordingly, we find this assignment of error without merit.

For the foregoing reasons, we affirm the Circuit Court of Tyler County's order entered March 6, 2024.

Affirmed.

**ISSUED:** February 28, 2025

**CONCURRED IN BY:**

Chief Judge Charles O. Lorensen
Judge Daniel W. Greear
Judge S. Ryan White